595 F.2d 1153
 PEOPLE of the STATE OF CALIFORNIA ex rel. CALIFORNIA
DEPARTMENT OF FISH AND GAME, Plaintiff-Appellant,
v.
The QUECHAN TRIBE OF INDIANS, Defendant-Appellee.
PEOPLE of the STATE OF CALIFORNIA ex rel. CALIFORNIA
DEPARTMENT OF FISH ANDGAME, Plaintiff-Appellee,
v.
The QUECHAN TRIBE OF INDIANS, Defendant-Appellant.
 Nos. 77-1500, 77-2172.
 United States Court of Appeals,
Ninth Circuit.
 April 27, 1979.
 
 Terry L. Singleton, Escondido, Cal., Daniel H. Israel, Boulder, Colo., for plaintiff.
 Richard C. Jacobs, Deputy Atty. Gen., San Francisco, Cal., for defendant.
 On Appeal from the United States District Court for the Southern District of California.
 Before CARTER and ANDERSON, Circuit Judges, and TAKASUGI,* District Judge.
 J. BLAINE ANDERSON, Circuit Judge:
 
 I. PROCEEDINGS BELOW
 
 1
 The California Department of Fish and Game, on behalf of the People of the State of California (State or California), brought this action for declaratory relief against the Quechan Tribe of Indians (Tribe). California sought relief declaring its right to enforce California Fish and Game laws against non-Indians on the Tribe's Fort Yuma Indian Reservation (Reservation) and authorizing California Fish and Game personnel to enter upon the Reservation to enforce those laws. On cross-motions for summary judgment, the district court recognized California's right to enforce its fish and game laws against non-Indians on the Reservation, but held that the California Fish and Game personnel could not enter the Reservation without the Tribe's express permission. Both California and the Tribe appeal, with the Tribe raising the issue, for the first time, that its sovereign immunity bars this action. We agree with the Tribe and conclude that the Tribe's sovereign immunity bars California's suit.
 
 II. FACTS
 
 2
 The Quechan Tribe of Indians was organized under the Indian Reorganization Act of 1934. 25 U.S.C. § 461, et seq. The Tribe's Fort Yuma Reservation lies in both Arizona and California, with the major portion in California. In 1936, the Tribe adopted a constitution and bylaws which were approved by the Secretary of the Interior. Article XI of the bylaws authorizes the Tribal Council to pass ordinances for the control of hunting and fishing on the Reservation. Pursuant to this authority, the Council adopted an ordinance in 1975 providing that non-Indians could hunt and fish on the Reservation with a permit, but which specifically provided that a state license would not be necessary. In 1976, California was advised by the Tribe that California Fish and Game Wardens would be arrested for trespass if they attempted to enforce the State's fish and game laws against non-Indians on the Reservation.
 
 III. QUESTION PRESENTED
 
 3
 On appeal, California makes the following arguments: (1) the enforcement of fish and game law against non-Indians on the Reservation does not infringe on the tribal right of self-government; (2) State regulation of non-Indian hunting and fishing on the Reservation does not conflict with 18 U.S.C. § 1162; (3) State regulation of non-Indian hunting and fishing is not preempted by tribal regulation; and (4) the State has the right to send its fish and game wardens onto the Reservation to enforce State laws against non-Indians. The Tribe makes these arguments on appeal: (1) the Tribe is immune from suit; (2) the case should be remanded to the district court to allow it to consider the Tribe's newly-adopted fishing and hunting ordinances; (3) Congress intends for the Tribe to regulate hunting and fishing, and not the State; (4) California fish and game laws have been preempted by the Tribe's regulations.
 
 
 4
 Since the Tribe's claim of sovereign immunity goes to the jurisdiction of this court to hear the case, that question must be addressed first.[1] Because of the conclusion we reach on the sovereign immunity issue, we do not address any of the other contentions or questions raised on appeal.
 
 IV. SOVEREIGN IMMUNITY
 
 5
 It is a well-established rule that Indian tribes are immune from suit. Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978); Puyallup Tribe v. Washington Game Dept., 433 U.S. 165, 172, 97 S.Ct. 26, 16, 53 L.Ed.2d 667 (1977); United States v. United States Fidelity & Guaranty Co., 309 U.S. 506, 512, 60 S.Ct. 653, 84 L.Ed. 894 (1940); Sekaquaptewa v. MacDonald, 591 F.2d 1289, 1291; (9th Cir. 1979); Hamilton v. Nakai, 453 F.2d 152, 158 (9th Cir. 1972), Cert. denied,406 U.S. 945, 92 S.Ct. 2044, 32 L.Ed.2d 332. The sovereign immunity of Indian tribes is similar to the sovereign immunity of the United States; neither can be sued without the consent of Congress. Santa Clara Pueblo, supra, 436 U.S. at 58, 98 S.Ct. 1670; Puyallup Tribe, supra, 433 U.S. at 172, 97 S.Ct. 2616; United States Fidelity & Guaranty Co., supra, 309 U.S. at 512, 60 S.Ct. 653; Sekaquaptewa, supra, 591 F.2d at 1291; Hamilton, supra, 453 F.2d at 158. When Congress does consent to suit, the abrogation of immunity is subject to whatever limitations or conditions Congress chooses to impose. Sekaquaptewa, supra, 591 F.2d 1291; Hamilton, supra, 453 F.2d at 159. Any waiver of immunity is not to be lightly implied, but must be unequivocally expressed. Santa Clara Pueblo, supra, 436 U.S. at 58, 98 S.Ct. 1670; Sekaquaptewa, supra, 591 F.2d at 1291; Hamilton, supra, 453 F.2d at 159.
 
 
 6
 California concedes that Indian tribes are immune from suit unless Congress has expressly consented to that suit. California Reply Brief at 2. Nonetheless, California goes on to make two major arguments as to why the sovereign immunity of the Tribe should not bar the present suit. These are: (1) an enumeration of the distinguishing features of the present case which allegedly are a sufficient basis for the court to refuse to invoke the doctrine of sovereign immunity; and (2) an implied Congressional waiver of sovereign immunity under Public Law 280 (18 U.S.C. § 1162).
 
 
 7
 While the several distinguishing features of this case may make it unique, considered either individually or together, they cannot justify a refusal, by this court, to recognize the Tribe's claim of sovereign immunity. The fact that it is the State which has initiated suit is irrelevant insofar as the Tribe's sovereign immunity is concerned. See Puyallup Tribe, supra, 433 U.S. 165-173, 97 S.Ct. 2616, 53 L.Ed.2d 667. Although we may sympathize with California's need to resolve the extent of its regulatory power, the "desirability for complete settlement of all issues . . . must . . . yield to the principle of immunity." United States Fidelity & Guaranty Co., supra, 309 U.S. at 513, 60 S.Ct. at 657. Additionally, it is well-established that the statute authorizing declaratory relief is not a waiver of sovereign immunity. See United States v. King, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969); 6A J. Moore, Moore's Federal Practice (2d ed. 1974), pp. 57-218 57-219; 14 C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure (1976), pp. 172-173.
 
 
 8
 Sovereign immunity involves a right which courts have no choice, in the absence of a waiver, but to recognize. It is not a remedy, as suggested by California's argument, the application of which is within the discretion of the court. As the Supreme Court observed in United States Fidelity & Guaranty Co., supra :
 
 
 9
 "Consent alone gives jurisdiction to adjudge against the sovereign. Absent that consent, the attempted exercise of judicial power is void . . . Public policy forbids the suit unless consent is given, as clearly as public policy makes jurisdiction exclusive by declaration of the legislative body." (footnotes omitted)
 
 
 10
 309 U.S. at 514, 60 S.Ct. at 657.
 
 
 11
 Turning to the second argument, California claims that the Tribe's assertion of jurisdiction over non-Indian hunting and fishing on the Reservation is inconsistent with the grant of criminal jurisdiction over the Reservation made to California under 18 U.S.C. § 1162. If sovereign immunity bars the present case, then California contends that it will be precluded from ever obtaining a judicial determination of whether the jurisdictional grant made by 18 U.S.C. § 1162 includes the authority to regulate non-Indian hunting and fishing on the Reservation. California maintains that 18 U.S.C. § 1162 must therefore be impliedly read as a Congressional waiver of the Tribe's sovereign immunity.
 
 
 12
 We note that the Tribe's sovereign immunity will not bar California from Ever obtaining a judicial resolution of the questions presented by this case. See Santa Clara Pueblo, supra, 436 U.S. at 59, 98 S.Ct. 1670; Puyallup Tribe, supra, 433 U.S. at 171-172, 97 S.Ct. 2616; and Cf. Donahue v. California Justice Court for Klamath Trinity Judicial Dist., 15 Cal.App.3d 557, 93 Cal.Rptr. 310 (1971), Cert. denied, 404 U.S. 990, 92 S.Ct. 530, 30 L.Ed.2d 541 (where court concluded that permission to fish on reservation by tribal authorities to nontribal Indians was a complete defense to charges of violating the California Fish and Game laws). It will only bar such a determination here, where suit was brought only against the Tribe.
 
 
 13
 Neither the express terms of 18 U.S.C. § 1162,[2] nor the Congressional history of the statute,[3] reveal any intention by Congress for it to serve as a waiver of a Tribe's sovereign immunity. California points to no authority, nor are we aware of any, which would support such a construction. In any event, such a waiver may not be lightly implied. Santa Clara Pueblo, supra, 436 U.S. at 58, 98 S.Ct. 1670; Sekaquaptewa, supra,591 F.2d 1291; Hamilton, supra, 453 F.2d at 159.
 
 
 14
 For the reasons previously stated, we conclude that the sovereign immunity of the Quechan Tribe of Indians bars this suit. We therefore vacate the judgment and remand to the district court for dismissal of California's suit against the Quechan Tribe of Indians.
 
 
 
 *
 The Honorable Robert M. Takasugi, United States District Judge for the Central District of California, sitting by designation
 
 
 [1]
 Sovereign immunity may be asserted at any stage of the proceedings, either by the parties or by the court. See 14 C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure (1976), pp. 156-158
 
 
 [2]
 18 U.S.C. § 1162 provides:
 "(a) Each of the States or Territories listed in the following table shall have jurisdiction over offenses committed by or against Indians in the areas of Indian country listed opposite the name of the State or Territory to the same extent that such State or Territory has jurisdiction over offenses committed elsewhere within the State or Territory, and the criminal laws of such State or Territory shall have the same force and effect within such Indian country as they have elsewhere within the State or Territory:
 "State or Territory of Indian country affected
 --------------------- .. -----------------------
Alaska .................. All Indian country within the
 State, except that on Annette
 Islands, the Metlakatla Indian
 community may exercise
 jurisdiction over offenses
 committed by Indians in the same
 manner in which such
 jurisdiction may be exercised by
 Indian tribes in Indian country
 over which State jurisdiction
 has not been extended.
California .............. All Indian country within the
 State.
Minnesota ............... All Indian country within the
 State, except the Red Lake
 Reservation.
Nebraska ................ All Indian country within the
 State.
Oregon .................. All Indian country within
 the State, except the Warm
 Springs Reservation.
Wisconsin ............... All Indian country within the
 State.
 "(b) Nothing in this section shall authorize the alienation, encumbrance, or taxation of any real or personal property, including water rights, belonging to any Indian or any Indian tribe, band, or community that is held in trust by the United States or is subject to a restriction against alienation imposed by the United States; or shall authorize regulation of the use of such property in a manner inconsistent with any Federal treaty, agreement, or statute or with any regulation made pursuant thereto; or shall deprive any Indian or any Indian tribe, band, or community of any right, privilege, or immunity afforded under Federal treaty, agreement, or statute with respect to hunting, trapping, or fishing or the control, licensing, or regulation thereof.
 "(c) The provisions of sections 1152 and 1153 of this chapter shall not be applicable within the areas of Indian country listed in subsection (a) of this section as areas over which the several States have exclusive jurisdiction."
 
 
 [3]
 See 1953 U.S.Code Cong. and Admin.News, p. 2409; 1954 U.S.Code Cong. and Admin.News, p. 3171; 1958 U.S.Code Cong. and Admin.News, p. 3347; 1970 U.S.Code Cong. and Admin.News, p. 4783