**A.P.I., INC., a Minnesota Corporation, Plaintiff and Appellant,**

v.

**UNITED STATES of America, Defendant and Appellee,**

James P. Edwards Company, Inc., Great Plains Gasification Associates, a partnership, Defendants,

and

**Swanson and Youngdale, Inc., Defendant and Appellant.**

**Civ. No. 880058.**

Supreme Court of North Dakota.

Oct. 18, 1988.

William M. Beadie (argued), of Moore, Costello & Hart, St. Paul, Minn., and Lyle Kirmis of Zuger, Kirmis, Bolinske & Smith, Bismarck, for plaintiff and appellant.

Lynn E. Crooks (argued), Asst. U.S. Atty., Fargo, for defendant and appellee.

Carl A. Swenson of Doherty, Rumble & Butler, St. Paul, Minn., and LaRoy Baird III, Bismarck, for defendant and appellant.

GIERKE, Justice.

A.P.I., Inc. [A.P.I.], appeals [1] from a district court judgment dismissing its action to foreclose a mechanic's lien on property owned by the United States. We affirm the judgment only insofar as it dismisses the United States from the action.

On May 14, 1986, A.P.I. entered into a $190,000 subcontract with the James P. Edwards Company, Inc. [Edwards], a general contractor, to furnish and install insulation at the Great Plains Coal Gasification Plant near Beulah. Swanson and Youngdale, Inc. [Swanson and Youngdale], also entered into a $34,000 subcontract with Edwards to provide labor and materials necessary for painting at the project. According to A.P.I., it commenced work on the project on June 1, 1986, and Swanson and Youngdale commenced work during May 1986. A.P.I. performed work on the contract through September 5, 1986, while Swanson and Youngdale provided labor and materials through September 3, 1986.

In the meantime, the United States, through the Department of Energy, which had guaranteed a $1.5 billion loan from the Federal Financing Bank to Great Plains Gasification Associates [G.P.G.A.], the partnership formed to construct, own, and operate the plant, had begun federal court proceedings to foreclose the mortgage on G.P.G.A.'s property. The United States District Court for the District of North Dakota granted judgment in favor of the United States on January 14, 1986, and an order and decree of foreclosure and sale was entered on April 7, 1986. The United States purchased the property for $1 billion at a foreclosure sale on June 30, 1986, and on July 16, 1986, it received a Marshal's Deed to the property. The federal District Court's judgment in the foreclosure action was subsequently affirmed by the Eighth Circuit Court of Appeals. *See U.S. v.*

---

1. Swanson and Youngdale, Inc., has also appealed from the judgment. Pursuant to appellants' requests, the appeals have been joined and they have filed a joint brief. For purposes of convenience, we refer to A.P.I. as the sole appellant in this case.

*Great Plains Gasification Associates,* 813 F.2d 193 (8th Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 285, 98 L.Ed.2d 245 (1987).

According to A.P.I., Edwards failed to pay it and Swanson and Youngdale any of the amounts which were owed under the subcontracts. A.P.I. filed a mechanic's lien notice on November 17, 1986, and recorded a mechanic's lien on November 24, 1986. Swanson and Youngdale filed a mechanic's lien notice on December 1, 1986 and recorded a mechanic's lien on December 15, 1986.

A.P.I. thereafter brought this suit in Mercer County District Court to foreclose the mechanic's lien pursuant to Chapter 35–27, N.D.C.C. The United States, Edwards, G.P.G.A., and Swanson and Youngdale were named defendants in the action. Swanson and Youngdale asserted in its answer that it was also entitled to foreclosure of its mechanic's lien, but did not file its own complaint or cross-claim against the other defendants. On April 28, 1987, the United States petitioned to remove the action to federal District Court and made a motion to dismiss the complaint for lack of personal and subject matter jurisdiction. A.P.I. made a motion in federal court to deny the petition for removal and the motion to dismiss and requested that the matter be remanded to state court. The federal District Court denied the petition for removal, concluding that neither 28 U.S.C. § 1441(a) nor § 1444 provided proper grounds for removal under the circumstances. The federal court concluded that it therefore had no jurisdiction over the motion to dismiss and remanded the case to state court to "determine the parameters of its jurisdiction over the parties involved."

The United States then made a motion in state court to dismiss for lack of jurisdiction based upon the doctrine of sovereign immunity. The district court granted the motion and these appeals followed.

The "basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. North Dakota,* 461 U.S. 273, 287, 103 S.Ct. 1811, 1819, 75 L.Ed.2d 840 (1983). *See also Loeffler v. Frank,* —— U.S. ——, 108 S.Ct. 1965, 1969, 100 L.Ed.2d 549 (1988). Congress may determine not only whether the United States may be sued, but in what courts the suit may be brought. *State of Minnesota v. United States,* 305 U.S. 382, 388, 59 S.Ct. 292, 295, 83 L.Ed. 235 (1939). The "terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 772, 85 L.Ed. 1058 (1941). A waiver of sovereign immunity cannot be implied, but must be unequivocally expressed. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed. 2d 607 (1980).

The only federal statute brought to our attention by the parties that would arguably vest the state court with jurisdiction to entertain this type of action against the United States is 28 U.S.C. § 2410(a)(2), which provides in pertinent part that "the United States may be named a party in any civil action or suit in any [federal] district court, or in any State court having jurisdiction of the subject matter ... to foreclose a mortgage or other lien upon ... real or personal *property on which the United States has or claims a mortgage or other lien.*" (Emphasis added.) However, in this case the United States currently has a title interest rather than a lien interest in the subject property. Under these circumstances, § 2410 is inapplicable. *E.g., Cummings v. United States,* 648 F.2d 289, 292 (5th Cir.1981), and cases cited therein; *Hull v. Tollefson,* 138 F.Supp. 315, 317 (D.N.D.1956).[2]

A.P.I. asserts, however, that under state law it had a valid mechanic's lien against the plant which attached while the property was privately owned and when the United

---

2. Assuming for purposes of argument that either 28 U.S.C. § 2409a or 28 U.S.C. §§ 1346(a)(2) and 1491(a)(1) constitute a waiver of sovereign immunity for this type of action, the federal District Court or the Court of Claims, rather than the state court, is vested with exclusive original jurisdiction under these provisions. *See* 28 U.S.C. §§ 1346(a)(2) and (f) and 1491(a)(1).

States had only a lien interest. A.P.I. contends that, therefore, at the time its claim arose sovereign immunity was waived pursuant to 28 U.S.C. § 2410 and that public policy dictates an implied waiver of sovereign immunity in these circumstances. Even assuming for purposes of argument that A.P.I.'s mechanic's lien is valid under state law and that it attached while the property was privately owned, we nevertheless disagree that these circumstances provide the district court with jurisdiction to entertain this action against the United States.

The primary case relied upon by A.P.I. is *Tropic Builders, Ltd. v. United States*, 52 Hawaii 298, 475 P.2d 362 (1970), in which the court held that a mechanic's lien could be enforced against the leasehold interest of a corporation whose capital stock was owned by the United States. However, in that case the United States was dismissed as a party defendant immediately after service of process, and the court was careful to point out that the "judgment recognized the existence and enforceability of [a] mechanic's lien *not on the fee simple interest of the United States* but on the interest of [a private corporation] ... in the lease and leasehold improvements on the project site." *Tropic Builders, Ltd. v. United States, supra,* 475 P.2d at 365 (emphasis added). Moreover, the capital stock of the defendant corporation was not the subject of the lien, which, the court said, was enforceable only against property of what "remained a private corporation, although serving the purpose of the United States." *Tropic Builders, Ltd. v. United States, supra,* 475 P.2d at 366. In the present case, A.P.I. is attempting to enforce a mechanic's lien on what it has concededly characterized as a fee simple interest in property of the United States.

If A.P.I.'s alleged mechanic's lien did attach while the property was privately owned, we believe this to be of little rele-

vance under these circumstances because A.P.I. is nevertheless attempting to enforce the lien on property presently owned by the United States. The lien simply cannot be enforced because of the sovereign immunity of the United States and its property from suit. *E.g., Armstrong v. United States,* 364 U.S. 40, 46 & n. 4, 80 S.Ct. 1563, 1567 & n. 4, 4 L.Ed.2d 1554 (1960).[3] We do not believe A.P.I.'s "relation back" theory can be used to circumvent the sovereign immunity of the United States from suit. Thus, even if the lien is valid and could be enforced against a subsequent private owner, sovereign immunity bars its enforcement in state court against the United States. Furthermore, A.P.I.'s arguments concerning public policy and the equities of the matter are of no avail. Sovereign immunity is not a discretionary doctrine whose application depends upon the equities of a given situation. *See Wildman v. United States,* 827 F.2d 1306, 1309 (9th Cir.1987); *People of State of California v. Quechan Tribe of Indians,* 595 F.2d 1153, 1155 (9th Cir.1979). We conclude that the district court correctly dismissed A.P.I.'s action against the United States.

■ However, the judgment further dismisses A.P.I.'s complaint against all other defendants in the lawsuit. The motion for dismissal by the United States only extended to its claim for immunity from suit based upon the doctrine of sovereign immunity. The other defendants are not afforded the protection of the doctrine and we cannot say that A.P.I.'s complaint, at least on its face, does not possibly state a claim upon which relief against the other named defendants can be granted within the meaning of Rules 8(a) and 12(b) and (c), N.D.R.Civ.P. *E.g., Gowin v. Hazen Memorial Hospital Ass'n,* 311 N.W.2d 554 (N.D. 1981).

Accordingly, the judgment is affirmed insofar as it dismisses the action against the United States. The judgment is other-

---

**3.** In *Armstrong v. United States, supra,* the Supreme Court held that where materialmen's liens, valid under state law, became unenforceable when the United States took title to the property, there was a Fifth Amendment "taking" of the liens for which just compensation was

due to the lienholders. A.P.I. has not asserted a Fifth Amendment claim. In any event, jurisdiction to determine the validity of such a claim would clearly lie in the federal courts. *See* 28 U.S.C. §§ 1346(a)(2) and 1491(a)(1).

wise reversed and the case is remanded for further proceedings.[4]

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.

---

4. We have been informed, and are aware, that the United States is presently in the process of selling the subject property to a private party. A.P.I. urges us to rule on the validity of the lien because, it asserts, "if A.P.I. is found to have a valid lien, then once the United States sells the property A.P.I. will be entitled to foreclose the lien ... against the new, private owner/buyer...." We decline to do so. The trial court's decision addresses only the sovereign immunity issue and does not rule on the legal validity of the asserted liens. Moreover, if the property is sold and the new owner added as a defendant to this lawsuit, all interested parties should have an opportunity to adequately develop the record and present argument concerning the effect of the change of ownership on the legal issues involved.