John **MORTENSEN; James G. Steward; Bruce Benjamin; Benson Benjamin; Leona Benjamin, on behalf of themselves and all others similarly situated; Prentice Securities, Inc.; Roger Harris, as authorized agent for Badco Investments L.L.C., Plaintiffs—Appellants,**

v.

H. Wayne **SNAVELY; Kevin E. Villani; Imperial Credit Industries, Inc.; Stephen J. Shugerman; Brad S. Plantiko; KPMG LLP, Defendants—Appellees.**

No. 03–55547.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 2005.

Decided Aug. 17, 2005.

Lionel Z. Glancy, Los Angeles, CA, Fred Taylor Isquith, Wolf, Haldenstein, Adler, Freeman & Herz, New York, NY, Mark Reinhardt, Reinhardt & Anderson, St. Paul, MN, Francis M. Gregorek, Wolf Haldenstein Adler Freeman & Herz, San Diego, CA, Leo W. Desmond, West Palm Beach, FL, Brian Phillip Murray, Rabin & Peckel, LLP, New York, CA, for Plaintiffs–Appellants.

\* The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation.

Christopher P. Murphy, Fredrick S. Levin, Mayer, Brown, Rowe & Maw LLP, Peter K. Rosen, Latham & Watkins, LLP, David L. Neale, Levene Neale Bender Rankin & Brill, Los Angeles, CA, Cheryl D. Justice, Gareth T. Evans, Daniel M. Kolkey, Gibson, Dunn & Crutcher, Los Angeles, CA, for Defendants–Appellees.

Before: WARDLAW and BERZON, Circuit Judges, and FITZGERALD,\* District Judge.

## MEMORANDUM \*\*

John Mortensen, the lead plaintiff for a class of Imperial Credit Industries, Inc. ("ICII") stockholders who purchased their shares between January 27, 1998 and October 1, 1998 ("class period"), appeals (1) the district court's grant of summary judgment in favor of ICII corporate officials ("ICII defendants"); (2) the district court's dismissal of the plaintiffs' securities fraud action against the accounting firm KPMG, ICII's auditor during the class period, on statute of limitations grounds; and (3) certain discovery and evidentiary rulings. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

### 1. ICII Summary Judgment

The gravamen of plaintiffs' claims is that ICII's public filings during the class period fraudulently inflated the value of ICII's securities by inflating the value of its 46.9% equity holdings in Southern Pacific Funding Corporation ("SPFC"). The dis-

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

trict court did not err in granting summary judgment to the ICII defendants. It correctly concluded that the plaintiffs failed to provide evidence that SPFC's "residuals,"[1] were, in fact, overvalued at any point in time during the class period. To prove the essential allegation of a material misrepresentation or omission, *Basic Inc. v. Levinson*, 485 U.S. 224, 231–32, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988), as to the residuals' value, plaintiffs needed to prove both that the shares were overvalued on the date of purchase and that the misrepresented value which induced their purchase also caused a loss when they sold their shares. *Dura Pharms., Inc. v. Broudo*, —— U.S. ——, ——, 125 S.Ct. 1627, 1632, 161 L.Ed.2d 577 (2005) (requiring a securities plaintiff to prove loss by more than proof of a misrepresentation "touching upon" their loss).

To prevail, plaintiffs needed to demonstrate both transaction and loss causation. However, they failed to introduce the testimony of a qualified residuals valuation expert, or any other proof of an actionable misrepresentation or transaction or loss causation. The district court correctly concluded that the Moore Report and Marek Report, the only expert reports submitted by plaintiffs, failed to qualify as proper expert testimony on this subject. Nor did Horowitz's "sensitivity analysis" provide support for Moore's opinion because Moore did not rely upon Horowitz's sensitivity analysis and there was no showing, in any event, as to the reliability of this analysis.

**2. KPMG Dismissal**

The class plaintiffs also challenge the district court's dismissal of their complaint against KPMG as barred by the one-year statute of limitations. We need not decide whether this dismissal was in error, because class plaintiffs' argument that KPMG caused their losses is the same as their argument that the ICII defendants caused their losses. It fails for the same reason.

**3. Discovery and Evidentiary Rulings**

The district court did not abuse its discretion in denying plaintiffs' Rule 56(f) motion because the plaintiffs did not indicate what they could or would have "discovered" that would have been sufficient to defeat summary judgment.

Plaintiffs also challenge the district court's denial of their motion to vacate the PSLRA stay on discovery under 15 U.S.C. § 78u–4(b)(3)(B) and several of the district court's evidentiary rulings. If the district court abused its discretion in denying the motion to vacate the PSLRA stay on discovery, the error was harmless because the expert evidentiary cutoff date preceded the PSLRA stay, so no residual valuation expert could have been designated. As discussed, the lack of testimony from a residuals valuation expert was the critical flaw in plaintiffs' case. Likewise, the portions of the expert reports excluded by the district court and the contested materials admitted by the district court did not contain a residuals valuation and could not have defeated summary judgment. Thus, if the district court abused its discretion in ruling on the admissibility of those documents, the error was necessarily harmless as well.

**AFFIRMED.**

---

1. Residuals are the value of SPFC's residual interest in resold loans. The residual values represent the difference between the interest SPFC collected from individual borrowers and the interest paid to the purchasers of mortgage-based securities.