BLUE LAKE RANCHERIA, a federally-recognized Indian Tribe; Blue Lake Rancheria Economic Development Corporation, a federally-charted tribal corporation; and Mainstay Business Solutions, a federally-authorized division of Blue Lake Rancheria Economic Development Corporation, Plaintiffs,

v.

David LANIER, in his official capacity as Secretary of the California Labor and Workforce Development Agency; Patrick W. Henning, Jr., in his official capacity as Director of the Employment Development Department of the State of California ("EDD"), Pam Harris, individually and in her official capacity as Chief Deputy Director of the EDD, Jack Budmark, individually and in his official capacity as Deputy Director of the Tax Branch of the EDD; Talbott Smith, individually and in his capacity as a Deputy Director of the Unemployment Branch of the EDD; Kathy Dunne, individually and in her official capacity as a Senior Tax Compliance Representative of the EDD; Sarah Reece, individually and in her official capacity as an Authorized Representative of the EDD, Defendants.

No. 2:11–cv–01124–JAM–JFM.

United States District Court, E.D. California.

Signed May 12, 2015.

Filed May 13, 2015.

Michael E. Chase, Robert R. Rubin, Boutin Jones Inc., Sacramento, CA, David Joseph Rapport, Law Offices of Rapport & Marston, Ukiah, CA, for Plaintiffs.

Jennifer T. Henderson, Department of Justice, Sacramento, CA, Jill Bowers, Steven J. Green, Attorney General of California, Sacramento, CA, for Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

JOHN A. MENDEZ, District Judge.

Blue Lake Rancheria ("Plaintiff" or "the Tribe") alleges that the California Employment Development Department ("EDD") violated its tribal sovereign immunity by attaching liens on tribal assets. Plaintiff now moves for summary judgment. Although discovery remains open for several more months, Defendants have not raised any discoverable facts that could alter the Court's conclusion, described herein, that Plaintiff is entitled to summary judgment.[1]

---

1. This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for April 8, 2015.

## I. UNDISPUTED FACTS AND PROCEDURAL BACKGROUND

Plaintiff is a federally-recognized tribe. Mobbs' Decl. ¶ 3 Exh. 1. For several years, a division of the Tribe's federally-chartered corporation called Mainstay Business Solutions ("Mainstay")[2] operated a "temporary staffing and employee leasing business." Ramos Decl. ¶ 3; Defendants' Response to Plaintiff's Statement of Facts ¶¶ 8–10. In 2003, Mainstay elected to participate in a joint federal-state unemployment insurance program. *See* 26 U.S.C. § 3301 et seq.; Ramos Decl. ¶ 4. Mainstay became a "reimbursable employer." Ramos Decl. ¶ 4. As such, the state would pay former employees and Mainstay would later reimburse the state for those costs. *See* Cal. Unempl. Ins.Code § 803.

In 2008, a dispute arose as to the amount Mainstay owed in reimbursement. Ramos Decl. ¶ 7. When the parties were unable to resolve their dispute, EDD attached liens to the Tribe's property under California Government Code section 7171 in several counties. Ramos Decl. ¶ 8; *see id.* Exh. A. EDD also issued subpoenas to Plaintiff's banks seeking information about the Tribe's assets. Rubin Decl. ¶ 4; *see id.* Exh. C.

The Tribe filed suit against officers of EDD (collectively, "Defendants") seeking to enjoin their collection actions and cancel the liens, and for a declaratory judgment that Defendants' actions violated Plaintiff's sovereign immunity. *See* Compl. (Doc. # 1) ¶¶ 34–41. The Tribe now brings this motion for summary judgment to dispose of all its claims (Docs.# 82, 83). Defendants oppose the motion (Doc. # 92) and, in the alternative, request that the Court defer adjudication until later in discovery, which is set to close in November. *See* Amended Pretrial Scheduling Order (Doc.

# 79) at 3. Intervenor United States takes no position on this motion (Doc. # 93).

## II. OPINION

### A. *Legal Standard*

 "An injunction is a matter of equitable discretion; it does not follow from success on the merits as a matter of course." *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 32, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). The party seeking a permanent injunction must show "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *W. Watersheds Project v. Abbey,* 719 F.3d 1035, 1054 (9th Cir.2013) (citations and quotation marks omitted).

### B. *Judicial Notice*

Defendants request judicial notice (Doc. # 92–9) of several court filings and documents recorded or produced by the California Department of State. Because each is a matter of public record and Plaintiff does not dispute them, the Court takes judicial notice. *See* Fed.R.Evid. 201; *see Santa Monica Food Not Bombs v. City of Santa Monica,* 450 F.3d 1022, 1025 n. 2 (9th Cir.2006); *Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir.2001).

### C. *Analysis*

#### 1. *Success on the Merits*

##### a. *Sovereign Immunity*

###### i. *Defendants' Request to Defer Adjudication*

 Defendants request that the Court "defer[ ]" its ruling on sovereign immunity

---

**2.** Mainstay and Blue Lake Rancheria Economic Development Corps are also plaintiffs

in this matter, but they have not joined this motion for summary judgment.

"until discovery is complete and the factual issue of the Tribe's waiver has been fully briefed." Opp. at 12:5–6. Plaintiff argues that Defendants have not met the requirements of Rule 56(d) to support this request. Reply at 1–3.

Rule 56(d) permits a court to defer consideration of a motion for summary judgment if a party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]" Fed.R.Civ.P. 56(d). "The requesting party must show (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Finance Center, Inc. v. Loan Mortg. Corp.,* 525 F.3d 822, 827 (9th Cir.2008). The party must also demonstrate that it was diligent in pursuing discovery. *See In re Imperial Credit Indus., Inc. Sec. Litig.,* 252 F.Supp.2d 1005, 1016 (C.D.Cal.2003), *aff'd sub nom. Mortensen v. Snavely,* 145 Fed.Appx. 218 (9th Cir.2005). Failure to comply with any of these requirements is grounds for denial of the request, and the court may proceed to summary judgment. *Family Home & Finance Center,* 525 F.3d at 827; *In re Imperial Credit Indus., Inc. Sec. Litig.,* 252 F.Supp.2d at 1016 (citations omitted).

Defendants here have provided a declaration in support of their request, *see* Bowers Decl. ¶ 2, but it does not justify a deferred ruling. The only paragraph of the declaration concerning sovereign immunity is paragraph 4.a., which puts forth the following "fact[ ]" that "likely exist[s]": "[Plaintiff] consented to [EDD's] collection through the Tribe's voluntary election of reimbursable financing of its unemployment insurance costs under 26 U.S.C. § 3309(d) and California Unemployment Insurance Code § 801 et seq." The declaration further describes Defendants' plan

to "demand production of documents related to the Tribe's election and [to] depose the following current and/or former Tribal officers, employees, and/or agents: [enumerating individuals]." Bowers' Decl. ¶ 4.a.

The first problem with Defendants' declaration is that this purported "fact" is actually a legal conclusion. *Sac & Fox Nation v. Hanson,* 47 F.3d 1061, 1063 (10th Cir.1995) (referring to "the legal question of when a party can assert sovereign immunity"); *cf. Shapiro v. Republic of Bolivia,* 930 F.2d 1013, 1017 (2d Cir.1991) (discussing "the essentially legal question of whether appellees' actions, as alleged, have triggered an exception to the general rule of foreign sovereign immunity"); *see Cook v. AVI Casino Enterprises, Inc.,* 548 F.3d 718, 722 (9th Cir.2008). Defendants suggest that waiver is a factual question, but none of their authorities support that proposition. *See* Opp. at 11.

A second problem is that the Court has already foreclosed Defendants' legal theory of waiver. Indeed, the Court has twice determined as a matter of law that neither 26 U.S.C. § 3309 nor Plaintiff's decision to participate affected the Tribe's sovereign immunity. *See* Order Granting Plaintiffs' Motion for a Preliminary Injunction (Doc. # 40) at 11–12; Order Denying Defendants' Motion to Dismiss (Doc. # 53) at 14. Defendants have not described any "specific facts" that would change this determination. *See Tatum v. City & County of San Francisco,* 441 F.3d 1090, 1100 (9th Cir.2006) (requiring party requesting Rule 56(d) relief to "identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment"). The Court therefore concludes that Defendants' "fact" is not relevant to this motion.

A final problem is that Defendants have not shown diligence. They blame their failure to conduct adequate discovery re-

lated to sovereign immunity on "Plaintiffs['] mo[tion] to amend their complaint on January 6, 2015, [which] rais[ed] a question of the operative complaint[.]" Opp. at 13:2–3. Defendants' excuse is not well taken. The proposed amendment in no way affected the sovereign immunity issue, which in fact has been the main issue in this case since its inception.

Because Defendants have not identified any specific facts relevant to the Tribe's sovereign immunity, the Court denies their request to defer adjudication. The Court therefore considers the merits of Plaintiff's sovereign immunity allegations.

### ii. Off-reservation Assets

Defendants argue that sovereign immunity does not apply to tax enforcement actions in general, and even if it did, it does not bar the state from taking such actions against "off-reservation assets." Opp. at 9. Defendants identify these assets as "Mainstay's off-reservation bank accounts and accounts receivable[.]" *Id.* Plaintiff maintains that immunity does bar these actions, no matter where its assets are located. Mot. at 8–9; Reply at 4–5.

 The Court agrees with Plaintiff. Defendants' first argument is flawed, because it fails to recognize the "difference between the right to demand compliance with state laws and the means available to enforce them." *Kiowa Tribe of Oklahoma v. Mfg. Technologies,* 523 U.S. 751, 755, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998). Here, the Tribe does not contest that Defendants had authority to demand compliance with state law: that is, to require the Tribe to pay reimbursements consistent with the unemployment insurance program. The real issue is whether Defen-

dants could enforce compliance by initiating collection actions under California Government Code section 7171.

While no controlling case has considered the availability of a section 7171 collection action to place a lien on tribal property, the Court concludes that these actions are barred by sovereign immunity. Indeed, the cases establish that immunity bars similar methods of enforcement. *See Namekagon Dev. Co. v. Bois Forte Reservation Hous. Auth.,* 517 F.2d 508, 510 (8th Cir.1975) (noting tribe's "general immunity from levy and execution" of payment obligations); *Maryland Cas. Co. v. Citizens Nat'l Bank of W. Hollywood,* 361 F.2d 517, 521 (5th Cir.1966) ("The waiver of the immunity to being sued was expressly qualified, and excluded from the waiver was the levy of any judgment, lien or attachment upon the property of the [tribe]."); *Chemehuevi Indian Tribe v. Cal. State Bd. of Equalization,* 492 F.Supp. 55, 60 (N.D.Cal. 1979) (holding that sovereign immunity barred enforcement of tax through counterclaim against tribe),[3] *aff'd,* 757 F.2d 1047 (9th Cir.1985).

As to the "off-reservation assets" argument, the Court also agrees with Plaintiff that sovereign immunity barred Defendants' collection activities, no matter where the Tribe's assets were located. Defendants' argument to the contrary relies entirely on *Washington v. Confederated Tribes of Colville Indian Reservation,* 447 U.S. 134, 100 S.Ct. 2069, 65 L.Ed.2d 10 (1980). In *Confederated Tribes,* the state levied a tax on cigarettes, and seized cigarettes en route to the reservation when the tribe did not pay. *Id.* at 140, 100 S.Ct. 2069. The tribe argued that the seizures

---

**3.** The parties contest which aspects of this case survived the Supreme Court's reversal and the Ninth Circuit's subsequent decision on remand. *See* 474 U.S. 9, 106 S.Ct. 289, 88 L.Ed.2d 9 (1985) (per curiam); 800 F.2d 1446 (9th Cir.1986). On appeal, the Ninth Circuit

affirmed the district court's holding that sovereign immunity barred the counterclaim. 757 F.2d at 1052. The Supreme Court then reversed on other grounds and did not consider the counterclaim issue, so it was not at issue on remand. 800 F.2d at 1447 n. 1.

were improper because "no state tax [was] due while the cigarettes [were] in transit." *Id.* at 161, 100 S.Ct. 2069. But the Court concluded that the state's "interest in enforcing its valid tax [was] sufficient to justify" the seizures. *Id.* The Court found it "significant that these seizures t[ook] place outside the reservation, in locations where state power over Indian affairs is considerably more expansive[.]" *Id.* at 162, 100 S.Ct. 2069.

*Confederated Tribes* does not control the facts of this case. Defendants here did not seize lawfully taxed goods; rather, they sought to enforce payment obligations by instituting a lien on all of the Tribe's property. The fact that some of that property may be located outside of the reservation does not avoid the sovereign immunity bar. *See Michigan v. Bay Mills Indian Cmty.*, —— U.S. ——, 134 S.Ct. 2024, 2031, 188 L.Ed.2d 1071 (2014) ("Our precedents ... have not previously drawn the distinctions [between on-and off-reservation conduct for purposes of sovereign immunity]. They [ ] established a broad principle, from which we thought it improper to start carving out exceptions. Rather, we opted to 'defer' to Congress about whether to abrogate tribal immunity for off-reservation commercial conduct.") (citations, quotation marks, and alterations omitted); *Kiowa*, 523 U.S. at 754, 118 S.Ct. 1700 ("To date, our cases have sustained tribal immunity from suit without drawing a distinction based on where the tribal activities occurred.... To say substantive state laws apply to off-reservation conduct ... is not to say that a tribe no longer enjoys immunity from suit."). Concluding that sovereign immunity applies, the Court next turns to whether Plaintiff's immunity was abrogated or waived.

### iii. *Abrogation or Waiver of Sovereign Immunity*

■ This Court has twice determined that Congress did not abrogate tribal sovereign immunity through the Federal Unemployment Tax Act, 26 U.S.C. § 3301 et seq. *See* Order Granting Plaintiffs' Motion for a Preliminary Injunction at 11; Order Denying Defendants' Motion to Dismiss at 14. Defendants urge the Court to reconsider these holdings, *see* Opp. at 13–15, but Defendants have provided no new argument or new basis for this Court to conclude that the language of 26 U.S.C. § 3309 "clear[ly]" and "unequivocally" abrogates the Tribe's immunity. *See Bay Mills*, 134 S.Ct. at 2031.

■ As to waiver, Plaintiff has put forth evidence that the Tribe did not waive sovereign immunity by the procedures outlined in the Tribe's constitution and that "[n]either the General Council nor the Business Council of the Tribe has passed a resolution or taken any other action ... waiving sovereign immunity of the Tribe in favor of the EDD or any of the defendants in this action." Plaintiff's Statement of Facts ¶¶ 2, 4–5 (citing Mobbs' Decl. ¶ 4, Exh. 2; Ramos' Decl. ¶ 2). Defendants provide no contrary evidence, and instead argue that Plaintiff's evidence is insufficient. Opp. at 12.

Defendants essentially complain that Plaintiff has not done enough to prove a negative—that the Tribe did not waive immunity. *See* Opp. at 12; Defendants' Response to Plaintiff's Statement of Facts ¶ 4 ("Undisputed that the Tribal Constitution contains the quoted language, disputed to the extent it is a legal conclusion that the provision is the only way that the Tribe may waive sovereign immunity."). But the law does not require Plaintiff to disprove every possible means of waiver; rather, Plaintiff may meet its burden by "pointing out through argument [ ] the absence of evidence" to support other party's case. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir.2000). It is then incumbent upon Defendants to pro-

vide affidavits or other sources of evidence that "set forth specific facts showing that there is a genuine issue for trial." *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir.2001) (quoting Fed.R.Civ.P. 56(e)). Because Defendants have provided no facts supporting a theory of waiver, summary judgment is warranted. *Cf. Egan v. Cty. of Del Norte*, 2014 WL 46609, at *5 (N.D.Cal. Jan. 6, 2014) ("Because Defendants have met their initial burden of informing the court of the basis of their contention that they are entitled to summary judgment as to Plaintiff's claim based on municipal liability, the burden shifts to Plaintiff to establish a genuine issue of material fact.... Plaintiff has provided the court with no citation to any evidence creating such a genuine issue, and instead argues that Defendants have failed to prove the negative. Therefore, the court finds Defendants' evidence to be undisputed."). Plaintiff has thus established success on the merits.

b. *25 U.S.C. § 476(e)*

Plaintiff brings this motion under the alternative basis that Defendants' actions violated 25 U.S.C. section 476(e). Because the Court has determined that Plaintiff succeeds on the merits of the sovereign immunity argument, the Court does not reach this issue.

2. *Equitable Defenses and Balance of Equities*

■ Defendants make multiple arguments relating to the equities—all unavailing. First, they urge the Court to deny relief pursuant to the doctrine of unclean hands. Opp. at 18–19. This argument fails, because "[s]overeign immunity involves a right which courts have no choice, in the absence of a waiver, but to recognize." *People of State of Cal. ex rel. Cal. Dept. of Fish & Game v. Quechan Tribe of Indians*, 595 F.2d 1153, 1155 (9th Cir.1979). Recognizing that the Tribe's sovereign immunity barred Defendants'

collection actions, the Court must reject Defendants' unclean hands defense. *See Pan Am. Co. v. Sycuan Band of Mission Indians*, 884 F.2d 416, 419 (9th Cir.1989) ("Indian sovereignty, like that of other sovereigns, is not a discretionary principle subject to the vagaries of the commercial bargaining process or the equities of a given situation.").

Defendants next raise a Rule 56(d) request to delay adjudication to explore whether Plaintiff had "intent to hinder, delay or defraud creditor EDD in its collection" and whether it "improperly exploited tribal status as a business advantage[.]" Bowers Decl. ¶¶ 4.e, 4.f. The Court again finds this request unpersuasive, because Defendants have not raised any issue that would affect the outcome of this motion. In particular, Plaintiff's reasons for invoking sovereign immunity do not affect this Court's duty to recognize that immunity. *See Quechan Tribe of Indians*, 595 F.2d at 1155; *Pan Am.*, 884 F.2d at 419.

The Court also reminds Defendants that this case involves only the issue of whether Defendants violated Plaintiff's sovereign immunity by their collection actions. This Court makes no decision about Plaintiff's liability arising from Mainstay's role as a reimbursable employer. The Court therefore disregards Defendants' attempts to raise factual disputes about how much Plaintiff actually owes. *See* Defendants' "Counterstatement of Material Facts" ¶¶ 24–34, 44–46.

3. *Irreparable Harm and Availability of Damages*

■ Plaintiff here has established irreparable harm, because damages would not be available. Indeed, injunctive relief is the only form of relief available to the Tribe; if the Court does not enjoin the liens, Plaintiff would be unable to obtain damages from Defendants because of the

state's own immunity. *See Ex parte Young,* 209 U.S. 123, 167–68, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *Agua Caliente Band of Cahuilla Indians v. Hardin,* 223 F.3d 1041, 1048 & n. 7 (9th Cir.2000). And this unavailability of alternate remedies makes the harm from the violation of sovereign immunity irreparable. *See Cal. Pharmacists Ass'n v. Maxwell–Jolly,* 563 F.3d 847, 852 (9th Cir.2009) ("[B]ecause [plaintiffs] will be unable to recover damages against the Department even if they are successful on the merits of their case, they will suffer irreparable harm if the requested injunction is not granted."), *vacated on other grounds sub nom. Douglas v. Indep. Living Ctr. of S. California, Inc.,* —— U.S. ——, 132 S.Ct. 1204, 182 L.Ed.2d 101 (2012).

### 4. *Public Interest*

Although the parties offer little argument on this subject, the Court concludes that the public interest would not be disserved by a permanent injunction. *See Keweenaw Bay Indian Cty. v. State,* 11 F.3d 1341, 1348–49 (6th Cir.1993) (stating that upholding sovereign immunity "served the fundamental public interest goal of respecting tribal sovereign immunity") (citing *Wichita & Affiliated Tribes of Oklahoma v. Hodel,* 788 F.2d 765, 777 (D.C.Cir.1986)).

### III. ORDER

For the reasons set forth above, the Court DENIES Defendants' request to defer adjudication and GRANTS Plaintiff's motion for summary judgment. Plaintiff shall submit a proposed form of Judgment to the Court within ten days of this Order.

IT IS SO ORDERED.