# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SALT RIVER PROJECT AGRICULTURAL
IMPROVEMENT AND POWER DISTRICT,
a municipal corporation and
political subdivision of the State
of Arizona and HEADWATERS
RESOURCES, INC., a Utah
corporation,

        *Plaintiffs-Appellants,*

    v.

REYNOLD R. LEE; CASEY
WATCHMAN; WOODY LEE; PETERSON
YAZZIE; EVELYN MEADOWS; HERB
YAZZIE, Honorable; LOUISE G.
GRANT, Honorable; ELEANOR
SHIRLEY, Honorable; LEONARD
THINN; SARAH GONNIE,

        *Defendants-Appellees.*

No. 10-17895

D.C. No.
3:08-cv-08028-JAT

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted
February 14, 2012—San Francisco, California

Filed March 15, 2012
Amended May 29, 2012

5877

Before: A. Wallace Tashima and Barry G. Silverman,
Circuit Judges, and Marvin J. Garbis,
Senior District Judge.*

Opinion by Judge Silverman

---

*The Honorable Marvin J. Garbis, Senior District Judge for the U.S.
District Court for the District of Maryland, sitting by designation.

## COUNSEL

John J. Egbert (argued) and Paul G. Johnson of Jennings, Strouss & Salmon, P.L.C., Phoenix, Arizona, for plaintiff-

appellant Salt River Project Agricultural Improvement and Power District.

Lisa M. Coulter, Snell & Wilmer, LLP, Phoenix, Arizona, for plaintiff-appellant Headwater Resources, Inc.

Philip R. Higdon (argued), Rhonda L. Barnes, and Jessica J. Berch, Perkins Coie LLP, Phoenix, Arizona, for defendants-appellees Reynold R. Lee, Casey Watchman, Woody Lee, Peterson Yazzie, Evelyn Meadows, Honorable Herb Yazzie, Honorable Louise G. Grant, and Honorable Eleanor Shirley.

David R. Jordan, The Law Offices of David R. Jordan, PC, Gallup, New Mexico, for defendants-appellees Leonard Thinn and Sarah Gonnie.

---

## ORDER

Appellants' unopposed motion to amend opinion is GRANTED. The opinion filed on March 15, 2012 and published at 672 F.3d 1176 is amended as follows.

Page 3131 of the slip opinion begins: "Salt River Project Agricultural Improvement and Power District co-owns, and Headwater Resources, Inc. operates, a power plant called the Navajo Generating Station on Navajo reservation land in northern Arizona." That sentence shall be deleted and replaced with the following language:

"Salt River Project Agricultural Improvement and Power District co-owns a power plant called the Navajo Generating Station on Navajo reservation land in northern Arizona. Headwater Resources, Inc. is a contractor employed by Salt River Project at the power plant."

With that amendment, the panel has voted to deny appellees' petition for rehearing.

Judge Silverman has voted to deny appellees' petition for rehearing en banc, and Judges Tashima and Garbis so recommend.

The full court has been advised of the petition for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

Appellees' petition for rehearing and petition for rehearing en banc are DENIED.

---

## OPINION

SILVERMAN, Circuit Judge:

Two non-Indian entities brought this action to enjoin Navajo Nation tribal officials from applying tribal law to them in tribal courts. They claim that both their contract with the tribe and federal law deprive tribal officials of authority to regulate them. This appeal presents the question whether the Navajo Nation itself — which enjoys sovereign immunity and cannot be sued — is a necessary (and if so, indispensable) party under Federal Rule of Civil Procedure 19. We hold today that the tribe is not a necessary party because the tribal officials can be expected to adequately represent the tribe's interests in this action and because complete relief can be accorded among the existing parties without the tribe. This lawsuit for prospective injunctive relief may proceed against the officials under a routine application of *Ex parte Young*, 209 U.S. 123 (1908), and should not have been dismissed.

### I.   BACKGROUND

Salt River Project Agricultural Improvement and Power District co-owns a power plant called the Navajo Generating Station on Navajo reservation land in northern Arizona. Head-

water Resources, Inc. is a contractor employed by Salt River Project at the power plant. When they fired two Navajo Nation employees who worked at the power plant, the employees filed charges with the Office of Navajo Labor Relations alleging that they were fired without just cause in violation of the Navajo Preference in Employment Act, 15 Navajo Nation Code §§ 601 *et seq.* The Office of Navajo Labor Relations issued right-to-sue notices to both former employees, who then filed complaints with the Navajo Nation Labor Commission. Salt River Project and Headwaters defended the claims on, among other grounds, the theory that the Navajo Nation lacked authority to regulate employment matters at the power plant under (1) the terms of a 1969 lease between the Navajo Nation and Salt River Project for the land on which the power plant is located, which waived the tribe's right to regulate employment relations at the power plant,[1] and (2) a federal statutory right-of-way granted pursuant to 25 U.S.C. § 323, which extinguished all Indian uses of the covered lands.[2] The Navajo Nation Supreme Court ultimately rejected that defense, holding that the Navajo Preference in Employment Act applied to Salt River Project and Headwaters at the power plant, and remanded the case to the Navajo Nation Labor Commission to allow the former employees' claims to proceed on the merits. *Thinn v. Navajo Generating Station*, No. SC-CV-25-06, 7 Am. Tribal Law 558, 560, 564-66 (Navajo 2007).

---

[1]The relevant clause in the 1969 lease states:

> The Tribe covenants that, other than as expressly set out in this Lease, it will not directly or indirectly regulate or attempt to regulate the Lessees in the construction, maintenance or operation of the Navajo Generation Station . . . .

[2]The § 323 grant provides in relevant part:

> All present existing Indian uses of any land described herein are hereby extinguished and prohibited for the term of the § 323 Grant, and any renewals thereof . . . .

Salt River Project and Headwaters then filed this action for declaratory and injunctive relief against the Navajo officials responsible for enforcing the Act — the Director of the Office of Navajo Labor Relations, the members of the Navajo Nation Labor Commission, and the justices of the Navajo Nation Supreme Court. Their complaint alleged, inter alia, that the Navajo officials "have proceeded, and are threatening to further proceed, against [the plaintiffs] . . . in violation of federal law" and that "all such actions . . . violate federal law." The complaint sought a declaratory judgment that those Navajo officials lacked authority to regulate employment relations at the Navajo Generating Station and an injunction staying the former employees' claims.

The Navajo officials moved to dismiss under Federal Rule of Civil Procedure 12(b)(7) for failure to join a party required by Rule 19: the Navajo Nation. The district court granted the motion, concluding that the Navajo Nation was a necessary party under Rule 19(a)(1)(A) because without the tribe, the plaintiffs could not get complete relief from future attempts by the Navajo Nation to enforce the Navajo Preference in Employment Act. The district court also concluded that the tribe was a necessary party under Rule 19(a)(1)(B)(i) because proceeding without the Navajo Nation threatened to impair its interests in the scope of the 1969 lease, its economic interests in promoting full employment of Navajo Nation members, and its general interests in governing the Navajo reservation. Moreover, the district court concluded that the Navajo Nation, which sovereign immunity prevented from being joined, was an indispensable party under Rule 19(b). Accordingly, the district court dismissed the action. Salt River Project and Headwaters appeal that dismissal.

## II. JURISDICTION AND STANDARD OF REVIEW

The district court had federal question jurisdiction under 28 U.S.C. § 1331. *See Ariz. Pub. Serv. Co. v. Aspaas*, 77 F.3d

1128, 1132-33 (9th Cir. 1996). We have jurisdiction under 28 U.S.C. § 1291.

We review a Rule 19 dismissal for abuse of discretion and underlying legal conclusions de novo. *See Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*, 547 F.3d 962, 969-70 (9th Cir. 2008).

## III. DISCUSSION

As we have explained, Federal Rule of Civil Procedure 19[3] imposes a three-step inquiry:

---

[3]Rule 19 states in relevant part:

**(a) Persons Required to Be Joined if Feasible.**

> **(1) Required Party.** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> > **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
> >
> > **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> >
> > > **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
> > >
> > > **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>
> **(2) Joinder by Court Order.** If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.
>
> . . .

**(b) When Joinder Is Not Feasible.** If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should pro-

1.  Is the absent party necessary (i.e., required to be joined if feasible) under Rule 19(a)?

2.  If so, is it feasible to order that the absent party be joined?

3.  If joinder is not feasible, can the case proceed without the absent party, or is the absent party indispensable such that the action must be dismissed?

*See EEOC v. Peabody W. Coal Co.*, 400 F.3d 774, 779-80 (9th Cir. 2005).

A party may be necessary under Rule 19(a) in three different ways. First, a person is necessary if, in his absence, the court cannot accord complete relief among existing parties. *See* Fed. R. Civ. P. 19(a)(1)(A). Second, a person is necessary if he has an interest in the action and resolving the action in his absence may as a practical matter impair or impede his

---

ceed among the existing parties or should be dismissed. The factors for the court to consider include:

**(1)** the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

**(2)** the extent to which any prejudice could be lessened or avoided by:

  **(A)** protective provisions in the judgment;

  **(B)** shaping the relief; or

  **(C)** other measures;

**(3)** whether a judgment rendered in the person's absence would be adequate; and

**(4)** whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

  . . .

Fed. R. Civ. P. 19.

ability to protect that interest. *See* Fed. R. Civ. P. 19(a)(1)(B)(i). Third, a person is necessary if he has an interest in the action and resolving the action in his absence may leave an existing party subject to inconsistent obligations because of that interest. *See* Fed. R. Civ. P. 19(a)(1)(B)(ii).

Here, the district court first concluded under Rule 19(a)(1)(A) that the Navajo Nation was a necessary party because an injunction solely against the *current* Navajo officials would not prevent *future* or *other* Navajo officials from taking the same allegedly unlawful actions.

**[1]** That conclusion is incorrect: An injunction against a public officer in his official capacity — which is what the plaintiffs seek here — remains in force against the officer's successors. *See Hernandez v. O'Malley*, 98 F.3d 293, 294 (7th Cir. 1996) (noting that Rule 65(d) "makes an injunction effective against successors in office"); 11A Charles Alan Wright et al., *Federal Practice and Procedure* § 2956 (2d ed. 1995) ("A decree binding a public official generally is valid against that official's successors in office.") (citing cases); *cf. also* Fed. R. Civ. P. 25(d) (providing for automatic substitution of public officer's successor when officer ceases to hold office).

**[2]** Moreover, to the extent the district court concluded that *other* Navajo officials (i.e., current officials not named as defendants here) could somehow attempt to enforce the Navajo Preference in Employment Act against the plaintiffs notwithstanding the plaintiffs' requested injunction, that possibility does not mean that complete relief is not possible for the plaintiffs, who seek to enjoin only the named defendants. If in the future the plaintiffs believe that other officials are acting in violation of federal law, they may bring another action against those officials.

**[3]** Accordingly, because the district court can accord the complete relief sought by the plaintiffs in the Navajo Nation's

absence, it erred in holding that the tribe was a necessary party under Rule 19(a)(1)(A).

**[4]** The district court also concluded under Rule 19(a)(1)(B)(i) that the Navajo Nation had three distinct interests in this action: (1) the scope of the tribe's rights under the 1969 lease, (2) the job security of Navajo Nation members, and (3) the tribe's general interest in governing the Navajo reservation. But that is not the end of the matter. The district court failed to analyze whether proceeding without the Navajo Nation would "impair or impede" the tribe's ability to protect those interests. *See* Fed. R. Civ. P. 19(a)(1)(B)(i). An absent party with an interest in the action is not a necessary party under Rule 19(a) "if the absent party is adequately represented in the suit." *Shermoen v. United States*, 982 F.2d 1312, 1318 (9th Cir. 1992) (citation and internal quotation marks omitted). As we said in *Shermoen*, "[i]f a legally protected interest exists, the court must further determine whether that interest will be *impaired or impeded* by the suit. Impairment may be minimized if the absent party is adequately represented in the suit." *Id.* (citation and internal quotation marks omitted).

We consider three factors in determining whether an existing party adequately represents the interests of an absent party: (1) "whether the interests of a present party to the suit are such that it will undoubtedly make all of the absent party's arguments"; (2) "whether the party is capable of and willing to make such arguments"; and (3) "whether the absent party would offer any necessary element to the proceedings that the present parties would neglect." *Id.* (citation and internal quotation marks omitted).

**[5]** Here, the Navajo official defendants can be expected to adequately represent the Navajo Nation's interests. First, the officials' interests are aligned with the tribe's interests: The officials are responsible for enforcing the Navajo Preference in Employment Act, and there is no suggestion that the offi-

cials' attempt to enforce the statute here is antithetical to the tribe's interests. Second, there is no reason to believe the Navajo official defendants cannot or will not make any reasonable argument that the tribe would make if it were a party. Third, there is no indication that the tribe would offer any necessary element to the action that the Navajo official defendants would neglect. *See Kansas v. United States*, 249 F.3d 1213, 1227 (10th Cir. 2001) ("[M]ost importantly, the potential for prejudice to the Miami Tribe is largely nonexistent due to the presence in this suit of . . . the tribal officials . . . . These Defendants' interests, considered together, are substantially similar, if not identical, to the Tribe's interests in [the action].").

Indeed, the Navajo official defendants do not argue otherwise. Instead, they argue only that the tribe automatically is a necessary party to any action challenging a lease to which the tribe is a signatory, citing *Dawavendewa v. Salt River Project*, 276 F.3d 1150 (9th Cir. 2002). But *Dawavendewa* is distinguishable because there — unlike here — the tribal officials were *not* parties to the action and thus could not represent the absent tribe's interests, a fact we explicitly noted. *See id.* at 1160 ("[N]or has [the plaintiff] named any tribal officials as parties to this litigation.").

**[6]** Thus, because the officials adequately represent the Navajo Nation's interests here, the district court erred in holding that the tribe was a necessary party under Rule 19(a)(1)(B)(i).

**[7]** Finally, the Navajo official defendants argue that the tribe is a necessary party under 19(a)(1)(B)(ii) because its absence could subject the plaintiffs to inconsistent obligations. In particular, the defendants argue that the plaintiffs' requested injunction would not bind the Navajo Nation, which could later seek to enforce the Navajo Preference in Employment Act at the power plant. But the defendants fail to explain how the *tribe* could enforce the Act without the aid of its *offi-*

*cers* responsible for enforcing the Act, who *would* be bound by the plaintiffs' requested injunction. If other Navajo Nation officials somehow attempted to enforce the Act against the plaintiffs, the plaintiffs would be free to return to federal court to seek an injunction against those officials. But at this stage, the plaintiffs' complaint seeks an injunction only against these named officials. Accordingly, because there is no risk that the plaintiffs could be subject to inconsistent obligations in the Navajo Nation's absence, the Navajo Nation is not a necessary party under Rule 19(a)(1)(B)(ii).

\* \* \* \* \*

In sum, we hold that (1) the Navajo Nation is not a necessary party under Rule 19(a)(1)(A) because the plaintiffs seek relief only against the current Navajo officials; (2) the Navajo Nation is not a necessary party under Rule 19(a)(1)(B)(i) because the officials adequately represent the tribe's interests; and (3) the Navajo Nation is not a necessary party under Rule 19(a)(1)(B)(ii) because its absence will not risk subjecting the plaintiffs to inconsistent obligations.

Indeed, a contrary holding would effectively gut the *Ex parte Young* doctrine. That doctrine permits actions for prospective non-monetary relief against state or tribal officials in their official capacity to enjoin them from violating federal law, without the presence of the immune State or tribe. *See Ex parte Young*, 209 U.S. 123 (1908).

The district court recognized this, but reasoned that this case was different from the traditional *Ex parte Young* case because, the court said, the Navajo officials are allegedly violating a private lease, rather than merely a federal statute or the federal Constitution. But the complaint specifically alleged that the tribal officials were acting "beyond [their] jurisdiction, without basis in law, and in violation of federal law" — including the federal statutory right-of-way. Moreover, we have held that federal common law governs whether

an Indian tribe's lease with a non-Indian has waived the tribe's authority to regulate the non-Indian's activities. *See Ariz. Pub. Serv. Co. v. Aspaas*, 77 F.3d 1128, 1132-33 (9th Cir. 1996). And it is well-settled that federal common law circumscribes a tribe's inherent authority to regulate non-members. *See Montana v. United States*, 450 U.S. 544, 563-66 (1981). *Ex parte Young* is not limited to claims that officials are violating the federal Constitution or federal statute; it applies to federal common law as well. *See South Dakota v. Bourland*, 949 F.2d 984, 989 (8th Cir. 1991), *rev'd on other grounds*, 508 U.S. 679 (1993).

Thus, the Navajo Nation is not a necessary party under Rule 19. The district court's order dismissing the case is reversed.

REVERSED and REMANDED.