**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 5 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCI PATERA, | No. 16-16583 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-02937-VC |
| v. | |
| CITIBANK, N.A.; CITIMORTGAGE INC., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Marci Patera appeals pro se from the district court's judgment dismissing her action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the application of the *Rooker–Feldman* doctrine, *Bell v. City of Boise*, 709 F.3d 890, 896 (9th Cir. 2013), and for an abuse of discretion a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissal for failure to join a required party under Fed. R. Civ. P. 12(b)(7), *Paiute–Shoshone Indians of Bishop Cmty. of Bishop Colony, Cal. v. City of Los Angeles*, 637 F.3d 993, 997 (9th Cir. 2011). We affirm.

The district court properly concluded that Patera's claims, to the extent they challenge the short sale of the subject property and seek relief enjoining defendants from interfering with the subject property, are barred by the *Rooker–Feldman* doctrine because these claims are a "forbidden de facto appeal" of state court decisions, and raises issues that are "inextricably intertwined" with those decisions. *Bell*, 709 F.3d at 897 (the *Rooker–Feldman* doctrine bars a federal plaintiff from asserting as a legal wrong an allegedly erroneous decision by a state court, and seeking relief from a state court decision, as well as any issue "inextricably intertwined" with the state court decision); *Cooper v. Ramos*, 704 F.3d 772, 778-79 (9th Cir. 2012) (claims are "inextricably intertwined" where "the relief requested in the federal action would effectively reverse the state court decision or void its ruling" (citation omitted)).

To the extent Patera's claims concern loan modification efforts or are otherwise not barred by the *Rooker–Feldman* doctrine, the district court did not abuse its discretion in dismissing Patera's complaint for failure to join Roy Bartlett because Bartlett, as the former co-owner of the subject property and the co-borrower of mortgages on the subject property, is a required party. *See Salt River*

*Project Agric. Improvement & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012) (describing bases for concluding a party is required to join (citing Fed. R. Civ. P. 19(a)).

The district court did not abuse its discretion in denying leave to amend. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) ("The decision of whether to grant leave to amend [is] within the discretion of the district court, which may deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant . . . [or] futility of amendment.'" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

Contrary to Patera's contention, "it is proper for the district court to take judicial notice of matters of public record outside the pleadings and consider them for purposes of the motion to dismiss." *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (citation and internal quotation marks omitted).

To the extent Patera challenges the district court resolution of defendants' motion to dismiss on the briefs, the district court "may provide for submitting and determining motions on briefs, without oral hearings." Fed. R. Civ. P. 78(b).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied as moot.

**AFFIRMED.**