NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GALE LAWRENCE WEBB, Plaintiff-Appellant, v. CITY OF TEMPE, Defendant-Appellee. | No. 17-15749 D.C. No. 2:16-cv-03136-DGC MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted November 15, 2017[**]

Before:      CANBY, TROTT, and GRABER, Circuit Judges.

Gale Lawrence Webb appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging violations of the Thirteenth and

Fourteenth Amendments.  We have jurisdiction under 28 U.S.C. § 1291.  We

review for an abuse of discretion a district court's dismissal for failure to join a

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

required party, and review de novo the legal conclusions underlying that determination. *Ward v. Apple Inc.*, 791 F.3d 1041, 1047 (9th Cir. 2015). We affirm.

The district court did not abuse its discretion in dismissing Webb's action for failure to join the State of Arizona because the State is a required party and subject to sovereign immunity. *See* Fed. R. Civ. P. 19 (setting forth factors relevant to joinder of a required party); *Salt River Project Agric. Improvement & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012) (describing bases for concluding a party is required to join (citing Rule 19(a)); *Paiute–Shoshone Indians of Bishop Cmty. of Bishop Colony, Cal. v. City of Los Angeles*, 637 F.3d 993, 1000 (9th Cir. 2011) ("Rule 19(b) requires . . . a practical examination of the circumstances to determine whether an action may proceed in equity and good conscience without the absent party." (citation, internal quotation marks, and alteration omitted)).

We reject as unsupported by the record Webb's contention that the district court violated due process by ruling on defendant's motion to dismiss prior to holding a case management conference.

Webb's request to submit this case on the briefs (Docket Entry No. 7) is

granted.

**AFFIRMED.**