**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WALTER ROSALES; et al., | No.   17-16967 |
| Plaintiffs-Appellants, | |
| v. | D.C. No.<br>2:15-cv-01145-KJM-KJN |
| AMY DUTSCHKE, Regional Director,<br>Bureau of Indian Affairs; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted November 13, 2019
San Francisco, California

Before:  W. FLETCHER and BADE, Circuit Judges, and MOSKOWITZ,[**] District
Judge.

This is at least the third case in which Plaintiff-Appellant Walter Rosales

alleges that the construction of a casino by Jamul Indian Village (the "Tribe"), a

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Barry Ted Moskowitz, United States District Judge for
the Southern District of California, sitting by designation.

federally recognized Indian tribe, unlawfully disturbed human remains and funerary objects. *See Rosales v. United States*, No. 07cv0624, 2007 WL 4233060, at *5–10 (S.D. Cal. Nov. 28, 2007) (unpublished), *appeal dismissed for failure to prosecute*, No. 08-55207 (9th Cir. Aug. 12, 2008); *Rosales v. Dep't of Transp.*, No. D066585, 2016 WL 124647, at *1–3 (Cal. Ct. App. Jan. 12, 2016) (unpublished). As in those earlier cases, we hold that the claims were properly dismissed for failure to join the Tribe.

Federal Rule of Civil Procedure 19 requires the dismissal of a case where an absent party has an interest in the litigation that would be impaired if the litigation were to proceed in its absence, joinder of that party is unfeasible, and the action could not proceed in equity and good conscience without it. *Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affairs*, 932 F.3d 843, 851 (9th Cir. 2019). "We review a Rule 19 dismissal for abuse of discretion and underlying legal conclusions de novo." *Salt River Project Agric. Improvement & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012) (citation omitted).

The Tribe has a substantial interest in this litigation because the complaint contends that the Tribe does not exercise governmental power over the land on which the casino was built. Plaintiffs'-Appellants' claims turn largely on the status of this land. On appeal, Plaintiffs-Appellants do not dispute the district court's

2

conclusion that joinder of the Tribe is unfeasible because it is immune from this suit under the doctrine of tribal sovereign immunity. Even assuming that the Tribe's sovereign immunity does not extend to its officers here because they are properly sued in their personal capacities, the interests of those individuals in defending a claim for damages may not align with those of the Tribe. *See Shermoen v. United States*, 982 F.2d 1312, 1318 (9th Cir. 1992); *cf. Salt River Project Agric. Improvement & Power Dist.*, 672 F.3d at 1180–81. The district court did not abuse its discretion in concluding that the Tribe would not adequately be represented by the remaining parties in this suit and that it would be inequitable to proceed in its absence.

**AFFIRMED.**