NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KYLE R. SPENCER, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> GERALD LEWIS, Yakama Tribal Council Chairman; GEORGE MENINICK Sr., Yakama Tribal Council Vice-Chairman; CHARLENE TILLEQUOTS, Yakama Tribal Council Secretary; CHRISTOPHER WALLAHEE, Yakama Tribal Council Asst Secretary; TERRY HEEMSAH Sr., Yakama Tribal Council Sergeant-At-Arms; JEREMEY TAKALA, Yakama Tribal Council Law and Order Chairman; RUTH JIM, Yakama Tribal Council Law and Order Secretary; DELAND OLNEY, Yakama Tribal Council Law and Order Member; TERRY GOUDY-RAMBLER, Yakama Tribal Council Law and Order Member; PHILIP RIGDON, Yakama Tribal Agency Tribal Administrative Director; TAMARA SALUSKIN, Yakama Tribal Court Justice Services Deputy Director; RONNA WASHINES, Yakama Tribal Court Chief Judge; TED STRONG, | No. 23-3784 <br><br> D.C. No. 2:22-cv-00297-SAB <br><br> MEMORANDUM[*] |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Yakama Tribal Court Tribal Judge; ALYSSA BUCK-WRIGHT, Yakama Tribal Court Associate Judge; TUCELIA PALMER, Yakama Tribal Court Associate Judge; MARY WAHPAT, Yakama Tribal Court Associate Judge; ANTHONY GEORGE, Jr., Yakama Tribal Court Associate Judge,

Defendants - Appellees.

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Submitted July 14, 2025[**]

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Kyle Spencer appeals pro se from the district court's judgment dismissing his action against various Yakama Nation Tribal Council Members, Yakama Nation Tribal Court judges, and Yakama Nation employees as barred by tribal sovereign immunity and absolute judicial immunity. "We review issues of tribal sovereign immunity and personal immunity *de novo*." *Acres Bonusing, Inc. v. Marston*, 17 F.4th 901, 907 (9th Cir. 2021). We affirm.

"Suits against Indian tribes are . . . barred by sovereign immunity absent a clear waiver by the tribe or congressional abrogation." *Id.* (quoting *Okla. Tax*

___

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

23-3784

*Comm'n v. Citizen Band Potawatomi Indian Tribe*, 498 U.S. 505, 509 (1991)). Tribal sovereign immunity extends to tribal officials and employees acting in their official capacity and within the scope of their authority. *Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 727 (9th Cir. 2008). In such cases, the tribe is the "real, substantial party in interest . . . even though individual officials are nominal defendants." *Id.* (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)). To determine the real party in interest, "courts may not simply rely on the characterization of the parties in the complaint, but rather must determine in the first instance whether the remedy sought is truly against the sovereign." *Lewis v. Clarke*, 581 U.S. 155, 162 (2017).

Here, the remedies Spencer seeks make clear that the Yakama Nation is the real, substantial party in interest and thus that the defendants are entitled to sovereign immunity. For example, he asks that the court declare the Yakama Nation and its tribal courts lack jurisdiction over him, enjoin the Yakama Nation from interfering with his parental rights, order all cases involving him in the tribal court dismissed, and award him three million dollars in damages. These remedies explicitly operate against the tribe rather than any individual defendants.

Spencer's claim for damages cannot proceed because "[s]uits that seek to recover funds from tribal coffers . . . are barred by tribal sovereign immunity even when nominally styled as against individual officers." *Jamul Action Comm. v.*

3                                    23-3784

*Simermeyer*, 974 F.3d 984, 994 (9th Cir. 2020). The defendants who are active Yakama Nation Tribal Court judges are also protected from suits for monetary damages by absolute judicial immunity. *Acres Bonusing, Inc.*, 17 F.4th at 915.

Spencer's claims for declaratory and injunctive relief are also barred because he has not set forth any facts that indicate his case falls under the limited *Ex parte Young*, 209 U.S. 123 (1908) exception to sovereign immunity. The *Ex parte Young* doctrine allows suits for prospective injunctive or declaratory relief against tribal officials in their official capacity to prevent an ongoing violation of federal law. *Jamul Action Comm.*, 974 F.3d at 994. Spencer has not "point[ed] to threatened or ongoing unlawful conduct by a particular government officer." *Id.* To the degree he alleges that the Yakama Nation Tribal Court and particular judges lacked jurisdiction over him in child custody proceedings, Spencer has not alleged a violation of federal common law because tribes "retain their inherent power . . . to regulate domestic relations among members," and Spencer was a member of the Yakama Nation at the time of these proceedings. *Montana v. United States*, 450 U.S. 544, 564 (1981); *cf. Salt River Project Agric. Improvement and Power Dist. v. Lee*, 672 F.3d 1176, 1182 (9th Cir. 2012) (noting "it is well-settled that federal common law circumscribes a tribe's inherent authority to regulate *non-members*" (emphasis added)).

Accordingly, the district court did not err in dismissing Spencer's complaint

for lack of subject matter jurisdiction.

**AFFIRMED.**